OPINION OF THE COURT
PRATTER, District Judge.
Appellant Leslie E. Strong’s counsel has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Strong has filed a pro se brief in opposition to his counsel’s motion, and the United States has filed a brief in support of counsel’s motion. Because Strong’s counsel has complied with his duties under Anders and because this Court is satisfied that there are no non-frivolous issues for appeal, we will grant counsel’s motion to withdraw and dismiss the appeal.
*337 I. Background
Because we write solely for the parties, we will address only those facts necessary to our opinion.
On August 27, 2008, Strong, along with a co-defendant, was charged in a 29-count indictment with wire fraud in violation of 18 U.S.C. § 1343 (Counts 1 through 12), money laundering in violation of 18 U.S.C. § 1956 (Counts 13 through 27), forfeiture under 18 U.S.C. § 82 (Count 28), and conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 (Count 29). These charges follow from a fraudulent investment scheme that was orchestrated by Strong, resulting in a cumulative loss of over $5 million to eight investors.
On December 3, 2008, Strong entered into a plea agreement with the United States pursuant to which he pled guilty to one count of wire fraud and the forfeiture count. Prior to sentencing, the government and Strong also entered into a sentencing stipulation. The parties stipulated that Strong’s Criminal History Category should be Category II, rather than Category I, because of similar previous adult criminal conduct that had resulted in a civil action against Strong, though no criminal charges were levied against him. (Counsel App. at 141-42, 148-150.) In exchange, the government agreed to recommend a two level downward departure under U.S.S.G. § 5K1.1, based on Strong’s substantial assistance to the government in its prosecution of Strong’s co-defendant. (App. at 141-42, 148-150.) This agreement resulted in a recommendation of an overall Offense Level of 22 and a sentencing range of 46-57 months imprisonment.
On April 13, 2009, the District Court accepted the sentencing stipulation and sentenced Strong to a term of imprisonment of 55 months. On April 23, 2009, Strong filed this timely appeal.
II. Discussion[1]
Pursuant to Third Circuit Local Appellate Rule 109.2(a), if trial counsel reviews the district court record and “is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw, with a supporting brief, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).” Third Circuit L.A.R. 109.2(a). “The Court’s inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately fulfilled the rule’s requirements; and (2) whether an independent review of the record presents any non-frivolous issues.” United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001). While “counsel need not raise and reject every possible claim ... he or she must meet the ‘conscientious examination’ standard set forth in Anders.” Id. Because counsel’s Anders brief here complied with the rule’s requirements, and because our own independent review of the record does not reveal any non-frivolous issues, we will grant counsel’s request to withdraw.
Strong’s unconditional guilty plea limits the availability of appellate relief to the following claims: first, that the District Court lacked jurisdiction to enter the conviction and impose sentence on Strong; second, that the guilty plea was invalid or not lawful under applicable statutory and constitutional standards; and third, that the sentence was illegal and/or unreasonable. See United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); United States v. Cooper, 437 F.3d 324 (3d Cir.2006); 18 U.S.C. § 3742(a).
*338 Neither counsel nor Strong in his pro se brief suggests that the District Court was without subject matter jurisdiction or that the guilty plea was invalid or involuntary. In our independent review of the record, we find that any such claims on appeal would be frivolous. Strong pled guilty to a violation of the laws of the United States for offenses occurring in the Middle District of Pennsylvania, thus conferring jurisdiction upon the District Court pursuant to 18 U.S.C. § 8231. Further, our review of the plea colloquy establishes that Strong’s guilty plea was voluntary and knowing and in compliance with statutory and constitutional norms.
Counsel’s brief focuses on the legality and reasonableness of the sentence and identifies two potential issues for appeal, both of which are frivolous. The two issues identified are: (1) whether the sentence was based on a proper application of the United States Sentencing Guidelines; and (2) whether the District Court abused its discretion under 18 U.S.C. § 3553(a). Neither of these issues has merit.
We review a district court’s sentence for reasonableness, evaluating both its procedural and substantive underpinnings under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In imposing a sentence, the district court must: (1) correctly determine, as a matter of fact, and as a matter of law, the proper Guidelines sentence; (2) correctly determine the applicability of any departure motions; and (3) exercise its discretion to determine the applicability of any of the relevant § 3553(a) factors. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006).
The District Court properly calculated the sentence under the Guidelines. The District Court’s interpretation and application of the Sentencing Guidelines was based upon the parties’ stipulation at sentencing that Strong’s criminal history should be increased to Category II, while his total Offense Level should be decreased two levels based upon substantial assistance. (App. at 41-51.) The District Court independently assessed the appropriateness of the stipulation before electing to accept it. (App. at 146-47; 150-53.) The District Court found that Strong’s Criminal History Category I, as noted in the Pre-Sentence Report, substantially under-represented the seriousness of his criminal history because the details of the previous scheme were remarkably similar to the fraudulent investment scheme in this case. (App. at 150-52.)[2] The stipulation resulted in an overall Offense Level of 22 and guideline imprisonment range of 46 to 57 months, which was a benefit to Strong, given that this range was lower than the 51 to 63 month sentence he faced prior to the sentencing stipulation. (See Pre-Sentence Report ¶ 44.) There is nothing in the record to suggest that the District Court erred in calculating the guidelines range.
With respect to the reasonableness of the sentence, the District Court explicitly considered all of the following: letters submitted to the court by Strong’s friends and family attesting to his good character (which letters Strong has again submitted as part of his pro se brief); Strong’s voluntary forfeitures; Strong’s charitable works; and Strong’s age and diabetic condition. The District Court also listened to Strong’s allocution and the prosecutor’s argument and recommendations. In its statement of reasons for imposing that sentence, the District Court thoroughly re- *339 viewed the matters argued and brought to its attention by counsel, including the arguments counsel made for leniency. Thus, the District Court gave meaningful consideration to the relevant § 3558(a) factors and did not abuse its discretion by imposing a 55-month prison sentence, a term below the statutory maximum and within the guideline range.
Having concluded that the issues raised in counsel’s adequate Anders brief are frivolous, we turn to those issues Strong raises in his pro se brief. See Youla, 241 F.3d at 301. Strong argues that the District Court erred in two general ways. First, he argues that the District Court erroneously concluded that his criminal history was understated because of a civil judgment entered against him in the Central District of Illinois in a case involving a separate fraudulent investment scheme. Strong argues that this civil case was not sufficiency similar to this case. This argument fails, however, because the District Court imposed the criminal history enhancement after Strong and the government stipulated that it would apply. Because Strong has not argued that this stipulation was involuntary, there is no reason we should ignore this stipulation now.[3] Second, Strong argues that in rendering its sentence, the District Court failed to consider his age and medical condition, his period of pretrial confinement, the numerous letters attesting to his good character, the lesser sentence received by his co-defendant,[4] and the fact that he pled to a forfeiture. These are the same leniency arguments he made to the District Court. The District Court heard and appeared to consider these arguments and rendered a not unreasonable, 55-month prison sentence.
Our independent review of the record yields no other non-frivolous arguments that could support an appeal and we are satisfied that the requirements of Anders have been met.
III. Conclusion
In sum, we conclude that the brief filed pursuant to Anders by Strong’s counsel is adequate and the motion by counsel to withdraw will be granted. We also conclude, based on the Anders brief, our independent review of the record, and Strong’s pro se brief, that his appeal is without merit, and thus his conviction and sentence will be affirmed.[5]

. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

. The Court suggested that it would have placed Strong in Criminal History Category II even without the stipulation. (App. at 150.)

. The government argues that review of the District Court’s interpretation and application of the United States Sentencing Guidelines is foreclosed altogether because, in entering into the stipulation regarding the offense level, Strong waived the ability to object to this offense level categorization on appeal. We need not address this waiver argument specifically because we find that the stipulation is binding on Strong on this appeal.

. To the extent the disparity between Strong's sentence and his co-defendant's sentence of 9 months was not explicitly considered by the District Court, such a distinction is not unreasonable given that Strong was the organizer/leader in the criminal activity whereas the co-defendant was his office manager and underling.

.As a result, we conclude that is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United Stales Supreme Court on Strong's behalf. See Third Circuit L.A.R. 109.2(b).